```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
Ted M. Marzouca,

                    Petitioner,              CV 93 4813 (CPS)

        - against -                          MEMORANDUM
                                             OPINION AND ORDER
United States of America,

                    Respondent.
------------------------------------------X
```

SIFTON, Senior Judge.

In 1988, petitioner *pro se* Ted Marzouca was convicted, following a jury trial, of conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§846 & 841(b)(1)(C) and the possession of more than fifty grams of cocaine base with intent to distribute in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii). Marzouca was sentenced to concurrent terms of 292 months of imprisonment on both counts.[1] Presently before the Court are applications for relief filed by Marzouca entitled "Application of Actual Innocence as a Matter of Law Due to a Fundamental Miscarriage of Justice, Coupled with a Habeas Corpus Violation," "Motion for

---

[1] Marzouca was subsequently resentenced to 240 months imprisonment on the conspiracy claim, based on this Court's finding that the 292-month conspiracy sentence previously imposed exceeded the statutory maximum. *See Marzouca v. United States*, CV 93-4813 (CPS)(E.D.N.Y. September 18, 1995). However, Marzouca's overall sentence was unaffected, since the sentence on the possession count remained 292 months, and the sentences on both counts were to run concurrently.

Emergency Relief," and "Motion to Supplement."[2]

Marzouca does not specify a statute or rule pursuant to which these applications are made. In his submissions, Marzouca raises several challenges to the legality of his sentence, including claims that his sentences on both the conspiracy and possession counts should be reduced pursuant to *United States v. Booker,* 125 S.Ct. 735 (2005). Motions to correct a sentence imposed by a federal court are ordinarily brought pursuant to 28 U.S.C. § 2255. *See Chambers v. United States,* 106 F.3d 472, 474-75 (2d Cir. 1997)(§ 2255 is the proper vehicle when a federal prisoner "seeks to challenge the legality of the imposition of a sentence by a court"); *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir. 1997)(as a general rule, a federal prisoner must use § 2255 when attacking the constitutionality of a sentence). As explained in *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004), "no matter what title the prisoner plasters on the [application's] cover...[i]t is the substance that controls." Here, the substance of Marzouca's applications are within the scope of § 2255, and he cannot avoid the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") by "inventive captioning."

---

[2] The applications were received on August 2, 2004, March 25, 2005, and July 5, 2005, respectively. Also, one or more of the submissions were filed under both the criminal and civil docket numbers for this case: 88 CR 377 and 93 CV 4813.

*Id.*

The government asks this Court to construe Marzouca's application as one made pursuant to § 2255, and to transfer it to the Second Circuit as a successive petition. In several recent decisions, the Second Circuit has restricted the power of district courts "to *sua sponte* convert post-conviction motions...without giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion," *Simon v. U.S.*, 359 F.3d 139, 140 (2d Cir. 2004); *Adams v. United States*, 155 F.3d 582 (2d Cir.1998); *Gitten v. United States*, 311 F.3d 529 (2d Cir. 2002).[3] In light of these decisions, the Court declines to *sua sponte* characterize Marzouca's motion as one brought pursuant to § 2255.

Accordingly, Marzouca's applications for relief are denied without prejudice to their renewal. If Marzouca wishes the Court to consider the substance of these applications, he is

---

[3] In *Adams*, the Second Circuit prohibited district courts from recharacterizing a motion purportedly brought under some other rule as a *first* § 2255 motion unless "(a) the movant, with knowledge of the potential adverse consequences of such characterization agrees to have the motion so recharacterized, or (b) the court...offers the movant the opportunity to withdraw the motion than have it so recharacterized." *Adams*, 155 F.3d at 584. The *Adams* rule only applies to first petitions, and does not apply in cases where the petitioner has previously filed for § 2255 relief, since his "one, unimpeded § 2255 shot has already been fired." *Simon*, 359 F.3d at 143, n.6. However, since the *Adams* decision, the Second Circuit has suggested that even recharacterization of a motion as a *second* § 2255 petition "risks subjecting the prisoner not only to summary denial of that challenge but also summary denial of any subsequent challenge as an abuse of writ." *Gitten*, 311 F.3d 529, 533 (2d Cir. 2002)(portions of a motion for reconsideration brought pursuant to Rule 60(b) cannot be recharacterized as a second collateral attack unless the movant is given notice and an opportunity to withdraw the motion).

directed to notify the Court in writing of the specific rule or statute pursuant to which each of these applications is made and to make any additional changes or amendments within sixty (60) days of the date of this decision. Should Marzouca decide to pursue relief pursuant to 28 U.S.C. § 2255, he should be aware that unless certain narrow exceptions apply, a prisoner serving a federal sentence may bring only one § 2255 motion. Marzouca previously brought a § 2255 motion on October 25, 1993, which this Court granted in part. *See Marzouca v. United States*, CV 93-4813 (CPS)(E.D.N.Y. September 18, 1995).[4] To the extent that

---

[4] The Court granted in part Marzouca's October 1993 petition based on a finding that the 292-month conspiracy sentence that was previously imposed exceeded the statutory maximum. As a result, Marzouca's sentence on the conspiracy count was reduced from 292 months to 240 months. Because Marzouca's October 1993 habeas petition succeeded in having a portion of his sentence amended, if he decides to characterize his present application as a § 2255 motion, it may not, in its entirety, be considered a "second or successive" petition. In *Galtieri v. United States,* 128 F.3d 33 (2d Cir. 1997), the Second Circuit held that:
> [W]henever a first petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a "first" petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a "second" petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.

*Id.* at 113.

Moreover, following his October 1993 petition, Marzouca also filed a § 2241 petition in June 2001. Finding that the petition challenged the legality of Marzouca's sentence, the Court construed the § 2241 petition as a successive § 2255 petition and transferred it to the Second Circuit. *See Marcouza v. Warden,* 01 CV 4371 (CPS)(E.D.N.Y. July 10, 2001). The Second Circuit denied the application on August 7, 2001 due to Marzouca's failure to timely file an application requesting leave to file a successive petition. However, the Court of Appeals might conclude on reexamination that this Court erred in converting that § 2241 petition to a § 2255 petition, because the petition sought in part to vacate the *amended* portion of the sentence on *Apprendi* grounds. To the extent that it sought to vacate the amended portion of the sentence, it would have been a "first" petition and thus, should not have been converted to a § 2255 petition without first giving the petitioner notice and an opportunity to withdraw the motion. *See Adams,* 155 F.3d at 584.

his present application is considered a second or successive § 2255 petition, it will be transferred to the Second Circuit Court of Appeals, which may decide not to permit him to pursue a successive petition.

The Clerk is directed furnish a filed copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          July 25, 2005


                              /s/Charles P. Sifton (electronically signed)
                              United States District Judge